**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOHN SANWOKAZA WONSEHLEAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | NO. CIV-26-1226-HE |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner John Sanwokaza Wonsehleay filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the legality of his detention at Diamondback Correctional Facility by United States Immigration and Customs Enforcement. The matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review in accordance with 28 U.S.C. § 636. On August 26, 2026, Magistrate Judge Mitchell issued a Report and Recommendation [Doc. #12], recommending the court grant the petition for writ of habeas corpus [Doc. #1] as to Counts Two and Three, and order petitioner's immediate release from custody within three business days, subject to an appropriate Order of Supervision. She also recommended the court dismiss Counts Five and Six without prejudice as unripe and deny petitioner's request for an order barring his transfer outside this district. Finally, she recommended the court order respondents to certify compliance by filing a status report within ten business days of the court's order and to provide a copy of the court's order to the Warden of Diamondback Correctional Facility.

Any objection to the Report and Recommendation was due on September 2, 2026. The federal respondents timely filed an objection. They object to the Report and Recommendation insofar as the magistrate judge determined that (1) they did not show petitioner violated a condition of his release under 8 C.F.R. § 241.13(i)(1); (2) they did not show changed circumstances as required by 8 C.F.R. § 241.13(i)(2); and (3) they did not follow the notice and informal interview requirements of 8 C.F.R. § 241.13(i)(3).

Having conducted a de novo review of the matter pursuant to 28 U.S.C. § 636(b)(1), the court concurs with the magistrate judge's analysis. The court need not repeated that analysis here. The Report and Recommendation will be adopted in its entirety. Therefore, the court will grant the petition for writ of habeas corpus as to Counts Two and Three and order petitioner's immediate release from custody within three business days, subject to an appropriate order of supervision.[1] The court will dismiss Counts Five and Six without prejudice as unripe and deny petitioner's request for an order barring his transfer outside this district.

Accordingly, the Report and Recommendation [Doc. #12] is **ADOPTED**. The petition for writ of habeas corpus under 28 U.S.C. § 2241 is **GRANTED** as to Counts Two and Three and respondents are **ORDERED** to immediately release petitioner from custody within three (3) business days, subject to an appropriate order of supervision. In light of the court's rulings on Count Two and Three of the petition, Counts One and Four are **DISMISSED WITHOUT PREJUDICE**. Counts Five and Six are **DISMISSED**

---

[1] *In light of the court's rulings on Count Two and Three, the court need not address petitioner's claims in Counts One and Four and will dismiss those claims without prejudice.*

**WITHOUT PREJUDICE** as unripe. The request for an order barring petitioner's transfer outside this district is **DENIED**.

Respondents are also **ORDERED** to certify compliance by filing a status report within **<u>ten (10) business days</u>** of the court's order and to provide a copy of the court's order to the Warden of Diamondback Correctional Facility.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 9th day of September, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE